UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SEDERQUIST, on behalf of himself
and those similarly situated,

    Plaintiff,

v.                                               CASE NO: 8:11-cv-1084-T-26AEP

INDUSTRIAL ENGINEERING &
DEVELOPMENT, INC.,

    Defendant.
_____/

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Dkt. 11) and Plaintiff's Response in Opposition. (Dkt. 12). After careful consideration of the allegations of Count III of the Amended Complaint (Dkt. 7) and the applicable law, the Court concludes that the motion should be granted.

**BACKGROUND**

Plaintiff, John Sederquist, filed this action seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the FLSA) on behalf of himself and other similarly situated employees of Defendant, Industrial Engineering Development, Inc. (IED). Brenda White filed a consent to join this action as a Plaintiff on June 28, 2011. (Dkt. 6). Prior to the filing of this lawsuit, counsel for

Plaintiffs, both John Sederquist and Brenda White, sent a letter dated October 21, 2010, to IED informing it that the two Plaintiffs had retained him to handle their claims for unpaid wages. (Dkt. 7, Exh. A). On May 16, 2011, Plaintiff John Sederquist, as the only named Plaintiff, filed this action. Thereafter, on June 17, 2011, counsel for IED wrote to Brenda White stating that she had never been employed by IED and demanding that she pay IED actual damages of $21,218.00 for the money she had received from IED under the guise of being an employee. (Dkt. 7, Exh. B). The IED letter requested treble damages under Florida's civil theft statute. (Dkt. 7, Exh. B).

On June 28, 2011, the same day Brenda White filed a consent to join, Plaintiff John Sederquist filed an Amended Complaint. (Dkt. 7). The same two counts were repled: recovery of overtime compensation (Count I) and declaratory judgment (Count II). A third count for retaliation was added based on the IED demand letter of June 17th, which seeks a total of $63,654.00 as treble damages for civil theft. The Amended Complaint alleges that "Defendant has retaliated against Plaintiff [Sederquist] and the potential Opt-In Plaintiff, White, because they exercised their rights to participate in this lawsuit and demand Defendant to pay proper overtime wages." (Dkt. 7, at ¶ 44).

On July 18, 2011, IED filed a counterclaim against Opt-In Plaintiff Brenda White, "by and through the named Plaintiff, John Sederquist," for civil theft and unjust enrichment. (Dkt. 10). That same day, IED filed the instant motion to dismiss Count III for retaliation.

## PLEADING STANDARD

The most recent standard for dismissing a complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) established by the Supreme Court is found in Ashcroft v. Iqbal, — U.S. — , 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Specifically, Twombly laid to rest the prior standard of Conley v. Gibson, 335 U.S. 41, 47-48, 78 S.Ct. 99 (1957), that required dismissal only if "it appears beyond doubt that the Plaintiff can prove no set of facts in support of her claim which would entitle her to relief."  Twombly, 550 U.S. at 561-62, 127 S.Ct. at 1968-69.[1]  The operative standard is whether the allegations of the complaint "raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 555, 570, 127 S.Ct. at 1965, 1974; Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009).

## RETALIATION

Defendant seeks to dismiss the count for retaliation on several grounds.  First, Defendant argues that the retaliation count fails to allege that the Defendant's counterclaim lacks a reasonable basis in fact or law, citing Darveau v. Detecon, Inc., 515

---

[1] The Court reiterates the prior standard of Conley because Plaintiff's counsel cited this former, out-dated, and now incorrect standard in his response.  The Court is well aware, as should be Plaintiff's counsel given his extensive experience in civil litigation, that Conley is no longer good law.

F.3d 334, 342 (4th Cir. 2008). Second, Defendant contends that Plaintiff fails to allege a *prima facie* case for retaliation in that Plaintiff's counsel's October 21st letter, or its contents, is not protected activity, citing Vierra v. Sage Dining Servs., Inc., 2010 WL 4867557, at *3 (M.D. Fla. 2010) and Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000).[2]  Third, Defendant argues that the filing of a counterclaim alone, as a matter of law, does not constitute a material adverse action sufficient to support a claim for retaliation, citing Munroe v. Partsbase, Inc., 2008 WL 4998777 (S.D. Fla. 2008). Finally, as Defendant points out, Plaintiff has not alleged that White was or is an employee of IED.

The three requirements to establish a *prima facie* case of retaliation include: (1) the employee engaged in activity protected under the FLSA; (2) the employee suffered adverse action by the employer; and (3) the employer's adverse action was causally connected to the employee's protected activity. Wolf v. Coca-Cola Co., 200 F.3d at 1342-43. It is fundamental to alleging a claim based on retaliation that Plaintiff must allege that White was an employee of IED at times material to this action. For this reason alone, the motion should be granted so that Plaintiff may have the opportunity to replead the allegations with respect to White's status.

---

[2] Contrary to Defendant's assertion, Vierra holds that even an informal complaint to an employer may qualify as protected activity. Thus, to the extent Defendant claims that the contents of the October 21st letter do not rise to the level of protected activity, such argument is not appropriately considered in this case on a motion to dismiss. Hence, this particular argument does not support the granting of the motion to dismiss.

With respect to the remaining arguments made by the Defendant, this Court at this juncture aligns itself with the Munroe case. Contrary to Defendant's position, the Munroe case declined to follow the case of Kentish v. Madahcom, 566 F.Supp.2d 1343 (M.D. Fla. 2008). Kentish, not Munroe, holds that Florida's litigation privilege bars a plaintiff employee from amending the complaint to claim retaliation after the employer has filed a counterclaim against the employee, reasoning that the employer's access to courts must not be restricted. At least one other district court in the Southern District of Florida, however, continues to hold that factual considerations are necessary to determine whether the filing of a counterclaim constitutes the necessary adverse action to support a retaliation claim. See Ramos v. Hoyle, 2009 WL 2849093 (S.D. Fla. 2009). The existence of retaliatory intent alone is a factual determination that does not lend itself to resolution on a motion to dismiss, and as such, must, at the very least, be alleged as part of a claim for retaliation— that the counterclaim lacks a reasonable basis in fact or law. Munroe, 2008 WL 4998777, at *2 (citing Darveau, 515 F.3d at 342). Accordingly, the motion to dismiss is granted with leave for Plaintiff to file an amended complaint with respect to Count III, the anti-retaliation claim.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint (Dkt. 11) is **GRANTED**. Plaintiff's FLSA anti-retaliation claim (Count III) is dismissed without prejudice. Plaintiff shall

have ten (10) days from the date of this Order to amend the allegations consistent with this order.

**DONE AND ORDERED** at Tampa, Florida, on August 3, 2011.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record